*FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Misc. Case No.   24-00203 |
| WINDSOR TERRACE HEALTHCARE, LLC, | |
| Debtor. | |
| RUBY EVANS by and through her Successor in Interest, WILLETTE WILLIAMS, | Adv. Proc. No. 24-2190 |
| Plaintiff, | |
| v. | |
| WINDSOR VALLEJO CARE CENTER, LLC, dba Windsor Vallejo Care Center, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND DECISION
## REMAND TO STATE COURT

On September 26, 2024, a Notice of Removal of the State Court Action was filed by Windsor Vallejo Care Center, LLC dba Windsor Vallejo Care Center (the Debtor-Defendant).  Dckt. 1. Plaintiff Willette Williams, successor in interest, to the late Ruby Evans, ("Plaintiff") has filed a Motion requesting this Court enter an order remanding the Superior Court Proceeding, *Evans vs. Windsor Vallejo Care Center, LLC, et al*, Case No. FCS055755, to the Superior Court for the County of Solano ("State Court Action").  Motion; Dckt. 14.

///

The Defendants in the State Court Action opposing the remand are Windsor Vallejo Care Center, LLC dba Windsor Vallejo Care Center (the Debtor-Defendant), and Windsor Norcal 13 Holdings, LLC, S&F Management Company, LLC, S&F Management Company, Inc., Lee Samson, and Donny Feldman (the non-bankruptcy debtor defendants), (collectively "Defendants").[1]

**Plaintiff Not Consenting to a Bankruptcy Judge Entering Orders (other than for the Motion to Remand) or Judgment for the Removed State Court Action**

On October 10, 2024, Plaintiff filed the Statement Pursuant to Federal Bankruptcy Rule 9027(e)(3) and Judicial Code Section 157(e), in which Plaintiff states (reformatted by this Court into separate subparagraphs for ease of reading):

> Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) and Judicial Code section 157(e), the non-removing plaintiff:
>
> (i) disputes that any claim or cause of action herein should proceed or be tried by or before any tribunal other than the Superior Court;
>
> (ii) disputes that any claim or cause of action herein is core;
>
> (iii) respectfully declines to consent to entry of orders or judgment by the bankruptcy judge;
>
> (iv) demands trial by jury;
>
> (v) respectfully declines to consent to the bankruptcy judge conduct a jury trial; and
>
> (vi) reserves all rights, claims, and defenses concerning all of the foregoing.
>
> Nothing herein or in any subsequent filing shall constitute or be deemed or construed as a waiver of any rights (or as any form of consent that could adversely affect such rights) under the Constitution, the Bankruptcy Code, the Bankruptcy Rules, and/or any applicable law, including under Article III of the Constitution with respect to the exercise of the judicial power of the United States, with respect to any of the foregoing.

Statement; p. 1:23 - 2:6; Dckt. 10.

In the plain language of Plaintiff, she respectfully does not consent to an Article I

---

[1] Though the State Court Action is not a core matter proceeding, by filing the Motion to Remand, Defendants filing their opposition, and the Parties arguing this matter and submitting it to the Bankruptcy Judge for determination, these Parties have consented, for purposes of this Motion only, to the Bankruptcy Judge entering the order on the Motion to Remand. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).

1  Bankruptcy Judge entering any order (other than for this Motion to Remand) or judgment for the

2  Removed State Court Action.

3  **Review of Motion to Remand**

4          The State Court Action involves Plaintiff's claims against Defendants which Debtor-

5  Defendant removed to this Court on September 26, 2024.  Plaintiff moves this Court to remand the

6  State Court Action on the following grounds:

7          1.      [t]his Remand Motion is made under sections 1447 and 1452 of the Judicial
                   Code, on the basis that: (i) on the facts and in the posture presented here, this
8                  Court "lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), and (ii)
                   additionally or in the alternative, remand of the Superior Court Action is
9                  appropriate on "any equitable ground," id. § 1452(b).

10  Motion, 2:1-5; Dckt. 14.

11          2.      The exclusively state law causes of action that arise under and are governed
                    by California law, which can and should be applied by California courts in
12                  a case brought by the California plaintiff against a California facility;

13  *Id.*; 2:9-11.

                    and
14

15          3.      The absence of any federal interest or nexus – including to the out-of-District
                    bankruptcy case that the Debtors themselves say is now post-confirmation
                    and post-consummation.
16

17  *Id.*; 2:9-14.

18          Plaintiff's bankruptcy counsel, Robert Pfister, submits his Declaration in support.  Dckt. 17.

19  Mr. Pfister testifies as to some time lines surrounding the Debtor-Defendant's Bankruptcy Case;

20  Central District of California, Case No. 1:23-bk-11200-VK; including other details of the

21  Bankruptcy Case prosecution and Plan confirmation in that Bankruptcy Case.  Decl. *Id.*;  ¶¶ 2-9.

22          Mr. Pfister identifies language in the Confirmed Plan that states Plaintiff's claim is not

23  liquidated, and the Plan provides the claim is to be liquidated by jury trial in either a United States

24  District Court or a California Superior Court if the District Court elects to abstain.  *Id.* at ¶ 5.

25  Mr. Pfister testifies as to other personal injury claims actions ongoing against Debtor-Defendant and

26  related affiliates, noting that Debtor-Defendant has removed some, but not all, of the other personal

27  injury claims actions.  Mr. Pfister testifies that randomness in removal of such actions shows there

28  is no particular nexus between the post-confirmation liquidation of these matters and the prosecution

of the Confirmed Plan. *Id.* at ¶¶ 11, 12.

Plaintiff's State Court Action counsel, Christopher Buckley, also submits his Declaration in support. Decl.; Dckt. 16. Mr. Buckley testifies as to the conditions Plaintiff's predecessor in interest suffered during her time under Defendants' care, which are the grounds stated in the State Court Action. *Id.* at ¶ 3. Mr. Buckley testifies as to the nature of the issues, specifically that the issues involve state law specific causes of action. *Id.* at ¶ 4.

**Defendants' Opposition**

Defendants filed an Opposition on November 21, 2024. Defendants oppose remand on the following grounds:

1.     The basis for this opposition is that [the State Court Action] has a close nexus to *In re Windsor Terrace Healthcare, LLC, et al.*, case no. 1:23-bk-11200-VK, in that resolution of the state court action will impact the implementation and administration of the Debtor's Plan of Reorganization. Because the Plaintiff have alleged that all the named and DOE defendants in this matter are alter egos of or joint venturers with Windsor Vallejo Care Center but have only alleged injurious conduct by Windsor Vallejo Care Center, the liability of the alleged alter ego/joint venturers Non-Debtor Defendants is not separate from that of Windsor Vallejo Care Center. Therefore, the liability of the Defendant Debtor and the Non-Debtor Defendants must be determined at the same time in the same forum.

Opp'n 5:6-14, Dckt. 19.

2.     The *Cedar Funding* factors weigh against remand. The fact that the Debtor's Plan of Reorganization has been confirmed and distributions have begun makes remand a much less efficient administration of the estate.

*Id.* at 5:18-20.

3.     Likewise, the state law claims do not raise difficult or unsettled questions. The Non-Debtor Defendants, as alleged alter egos and/or alleged joint venturers, have no separate liability distinct from that of the Debtor Defendant, making this case very closely related to the main bankruptcy claim. Due to the Plaintiff's joint venture and alter ego allegations, severing the state court claims greatly increases the risk of inconsistent verdicts. Finally, the Non-Debtor Defendants who removed the state court to this action include all the non-debtors named as defendants, and their interests lie in this Court exercising its supplemental jurisdiction over the matter.

*Id.*, at 5:21-28.[2]

---

[2] With this argument, it would appear that the non-debtor Defendants are seeking to remove the State Court Action, which has no federal claims or basis for federal court jurisdiction other than that one of the Defendants is a debtor who confirmed a Chapter 11 Plan, and disrupt the "normal" adjudication

4.      Resolution of the state court claims in tandem with the completion of the Debtor's Plan of Reorganization is the contemplated outcome of the cases being jointly administered through *In re Windsor*. For this Court to deny the Plaintiff's motion for remand allows for the most efficient resolution of all the claims tied into the joint bankruptcy proceedings.

*Id.* at 7:2-5. [3]

5.      Additionally, each cause of action the Plaintiff has alleged against the Non-Debtor Defendants relies on a common set of operative facts, with the Plaintiff's advancing alter ego and joint venture theories of liability. Under Plaintiff's theories, the Non-Debtor Defendants have no liability that can be separated from the Debtor Defendant. Therefore, there can be no determination of liability for the non-debtors without determining the liability of Windsor Vallejo Care Center.

*Id.* at 7:6-11.

6.      Here, this state court action is related to the Windsor Vallejo Care Center bankruptcy proceedings by the Plaintiff's pleading of alter ego liability against the Non-Debtor Defendants, under which theory they would have no liability to the Plaintiff separate from Windsor Vallejo Care Center's liability, being disposed of through the bankruptcy proceeding. Therefore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

*Id.*; at 7:27-8:4.[4]

**Plaintiff's Reply**

Plaintiff filed a Reply on November 28, 2024.  Plaintiff states:

1.      Defendants have filed Oppositions in related cases after the *Orrick* ruling, but Defendants do not mention this ruling, electing instead to argue similarly afresh.

Reply 2:14-3:5, Dckt. 20.

---

of state law claims against the non-debtor Defendants and the Debtor-Defendant.

   [3] As discussed in this Decision, the Defendants do not show how adjudication of the State Court Action, asserting only State Law Claims, will be more efficiently adjudicated in the U.S. District Court. Rather, as discussed below, it appears that this removal was a forum shopping effort based on a mis-belief that the U.S. District Court would issue a judgment that was "tailored" to fit within the financial projections of the Debtor-Defendant is confirming the Chapter 11 Plan - without regard to the Plaintiff's actual damages.

   [4] With this argument, the five non-bankruptcy debtor Defendants appear to argue that since the Debtor-Defendant, who has a confirmed Chapter 11 Plan (which is the new "contract" between the Debtor-Defendant and creditors on how the debts will be paid) in place and only the amount of liability (if any) to Plaintiff must be determined, then the five non-bankruptcy debtor Defendants seek to have the State Court Action pulled from State Court and have the Federal Court adjudicate the State Law Claims. Again, this sounds in the nature of forum shopping.

2.      Nor does it engage with the Court's reasoning and analysis of precisely the same legal issues (remand under Judicial Code sections 1447 and 1452) framed by essentially the same arguments resting on materially indistinguishable facts. The Opposition instead argues everything afresh, as though writing on a blank slate. For example, in language that is word for-word identical to what was said in *Orrick*, the Opposition insists that "this removal is contemplated as part of the Debtor's Plan," Opp'n at 8:10–12, and that remand would "waste … judicial resources, create[] a high risk of inequitable outcomes, and undermine[] the purpose of the removal process to facilitate the resolution of all claims through the implementation of the Debtor's Plan," id. at 14:11-14. (The Plan being referred to is the same Plan at issue in *Orrick*, this case, *Russell*, and *Knestrict*.)

*Id.*; at 2:16-3:5.

3.       There is no meaningful difference between the facts of Orrick and the facts of this case. The only arguable distinction is that trial in Orrick was set for December 2024, whereas trial here is set for October 2025. That distinction makes no difference under the Court's analysis in Orrick. Regardless of when the trial takes place, it is still true that: (i) the Debtors' confirmed Plan does not provide for liquidation of these personal injury claims in bankruptcy court; (ii) the sole remaining task is the liquidation of a state law claim that is much better suited to disposition in the Superior Court than in this Court; and (iii) this Court cannot preside over the jury trial that both sides have demanded but that Plaintiff refuses to agree can take place here. These circumstances do not vary depending on when the trial will take place.

*Id.*; at 8:3-11.

4.      On November 27, 2024, the Debtors in the Windsor Bankruptcy Case – including the [Debtor-Defendant] here – moved for entry of a final decree closing the case. See RJN Ex. H (Final Decree Motion). That motion represents that "the Reorganized Debtors' cases have been fully administered within the meaning of 11 U.S.C. § 350 and pursuant to the Confirmation Order." *Id.* at 9:21–22. Perhaps most tellingly, the Final Decree Motion does not once reference any of the removed cases, including this case. Instead, it references only a pending appeal of the Confirmation Order that the Debtors say is "likely" to be dismissed, *id.* at 10:12, and then one pending claim objection (having nothing to do with a personal injury tort claim) and one motion to dismiss an adversary proceeding (having nothing to do with any of the removed cases). See *id.* at 10:19–11:2. How could the Final Decree Motion represent that the chapter 11 case has been fully administered if there are upwards of a dozen personal injury tort cases pending around California that each affect "the interpretation, implementation, consummation, execution, or administration" (*Pegasus Gold*, 394 F.3d at 1194) of the confirmed Plan? It could not.

*Id.*; at 9:3-15.

///

///

///

6

**APPLICABLE LAW**

Debtor-Defendant removed the State Court Action as provided in 28 U.S.C. § 1452 and 1334(b), and Federal Rule of Bankruptcy Procedure 9027 to this Bankruptcy Court.  These Sections and Rule provide as follows:

§ 1452. Removal of claims related to bankruptcy cases

(a) **A party may remove any claim or cause of action in a civil action** other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, **to the district court for the district where such civil action is pending**, if such district court has **jurisdiction of such claim or cause of action under section 1334 of this title**.

(b) The court to which such claim or cause of action is removed **may remand such claim or cause of action on any equitable ground**. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452 [emphasis added].

§ 1334. Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the **district courts shall have original but not exclusive jurisdiction of all civil proceedings** arising under title 11, or arising in or **related to cases under title 11.**

(c)

    (1) Except with respect to a case under chapter 15 of title 11, **nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding** arising under title 11 or arising in or **related to a case under title 11.**

    (2) **Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11** but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, **the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction**.

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section

1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

. . . .

28 U.S.C. § 1334(a)-(d) [emphasis added].

In reviewing the proper exercise of federal court jurisdiction in connection with related to matters and the "bankruptcy intrusion" (in a positive way) on the State Court judicial process, the provisions of 28 U.S.C. § 157 are also relevant.

§ 157. Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11**;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, **except personal injury tort or wrongful death claims**; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

. . .

(5) **The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court** in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(c)

(1) A **bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.** In such proceeding, **the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge** after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . .

28 U.S.C. § 157(a)-(c) [emphasis added].

The plain language of 28 U.S.C. § 157(c) expressly states that for non-core matters, while the Bankruptcy Judge may hear the non-core proceeding, only proposed findings and conclusions may be issued by the Bankruptcy Judge, which must then be sent to the District Court Judge for actual determination and ruling.

///

9

Collier on Bankruptcy discusses this wrongful death and personal injury tort exception from the referral to the bankruptcy court, stating:

> (5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

> It is not at all clear what constitutes a "personal injury tort" claim. **Some courts (those that adopt what is called the "narrow view") require a trauma or bodily injury;**[1] others more broadly look for **"any injury which is an invasion of personal rights."**[2] A third viewpoint (which one court has called the "hybrid approach"[2a] finds fault with both of these approaches, and concludes that "in cases where it appears that a claim might be a 'personal injury tort claim' under the 'broader' view but has earmarks of a financial, business or property tort claim, or a contract claim, the court reserves the right to resolve the 'personal injury tort claim' issue by (among other things) a more searching analysis of the complaint."[3]

> 1
> A persuasive decision adopting the narrow view following a thorough review of the legislative history, is *In re Gawker Media LLC*, 571 B.R. 612 (Bankr. S.D.N.Y. 2017). *See also Massey Energy Co. v. West Va. Consumers for Justice*, 56 C.B.C.2d 1585, 351 B.R. 348, 351 (E.D. Va. 2006) (claims for defamation and business conspiracy are not PITWD claims, a category that "is limited to a narrow range of claims that involve an actual physical injury"); *In re Sheehan Mem'l Hospital*, 377 B.R. 63, 68 (Bankr. W.D.N.Y. 2007) (employment discrimination claim); *In re Cohen*, 107 B.R. 453 (S.D.N.Y. 1989) (claim for statutory violation of state anti-discrimination law); *In re Atron Inc.*, 172 B.R. 541 (Bankr. W.D. Mich. 1994) (civil rights complaint alleging damages for mental and emotional distress does not qualify); *In re Interco, Inc.*, 135 B.R. 359 (Bankr. E.D. Mo. 1991) (age discrimination complaint alleging emotional distress does not qualify).

> 2
> *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 286 (M.D. Fla. 2002) ("Defamation is a personal injury tort."); *Unnamed Citizens A thru E v. White (In re White)*, 410 B.R. 195 (Bankr. W.D. Va. 2008) (violation of federal and state housing laws); *Leathem v. Volkmar (In re Volkmar)*, 217 B.R. 561, 566 (Bankr. N.D. Ill. 1998) ("personal injury tort" may include complaint alleging intentional infliction of emotional distress); ***Thomas v. Adams (In re Gary Brew Enters.)*, 198 B.R. 616 (Bankr. S.D. Cal. 1996) (racial discrimination complaint falls within the term).**

> 2a
> *In re Residential Capital, LLC*, 536 B.R. 566, 572 (Bankr. S.D.N.Y. 2015), followed by *In re Roman Catholic Church for the Archdiocese of New Orleans*, 2021 U.S. Dist. LEXIS 160497 at *7 (E. D. La., Aug. 25, 2021).

> 3
> *Parker v. Miller (In re Miller)*, 589 B.R. 550, 563 (Bankr. S.D. Miss. 2018) (**alienation of affection and intentional infliction of emotional distress are PITWD claims**); *In re Residential Capital, LLC*, 536 B.R. 566, 572 (Bankr. S.D.N.Y. 2015) (**emotional distress, whether intentional or negligent**); *Elkes Devel., LLC v. Arnold (In re Arnold)*, 407 B.R. 849 (Bankr. M.D.N.C.

2009); *Stranz v. Ice Cream Liquidation, Inc. (In re Ice Cream Liquidation, Inc.)*, 281 B.R. 154, 161 (Bankr. D. Conn. 2002) (also holding that the provisions regarding personal injury tort and wrongful death claims are not constitutionally mandated); accord *Adelson v. Smith (In re Smith)*, 389 B.R. 902, 908 (Bankr. D. Nev. 2008) (**libel claim is a PITWD claim**). The Supreme Court noted this triad of views in the course of its opinion in *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475, 65 C.B.C.2d 827 (2011), discussed at ¶¶ 3.02[3][d][i] and 3.03 supra, but did not have to reach the issue.

1 Collier on Bankruptcy, ¶ 3.06 (16th Edition) [emphasis added].

Even under the most narrow view (which is not adopted by the trial courts in the Ninth Circuit), one looks to see if the claim is based on a "trauma or physical injury."

As this Court addresses below, the Confirmed Chapter 11 Plan provides the process for the liquidation of the debt that Plaintiff asserts in the Superior Court Action. The Confirmed Chapter 11 Plan itself (drafted by counsel for the Debtor-Defendant in the Chapter 11 Case), expressly references asserted in the State Court Action as a "Personal Injury Claim."

The following is the "plain language" stated by the Debtor-Defendant in the Confirmed Chapter 11 Plan relating to Plaintiff's claim that constitutes the State Court Action:

49. "**Litigation Claim" means a**n Employment Claim or **Personal Injury Claim**.

Confirmed Plan, p. 7:22; Exhibit B, Dckt. 17 (emphasis added)

64. "**Personal Injury Claim**" means a General Unsecured Claim that has been scheduled by the Debtors or asserted by a claimant in a timely filed proof of claim for damages **for personal injury, wrongful death or related claims**.

*Id.*; p. 8:21-23 (emphasis added).

**Class 4 – General Unsecured Claims**. Each holder of an Allowed Class 4 General Unsecured Claim will have the option (which option will be included in their Plan ballot) of selecting between the following two treatments under this Plan, which (except as set forth immediately below) will be in full settlement and satisfaction of their Allowed General Unsecured Claim against the Debtors. Each Claimant with a Personal Injury Claim who does not accept the Debtors' proposed Claim settlement amount and who is otherwise not able to reach agreement with the Debtors on a different mutually agreeable Claim settlement amount prior to the date of Plan confirmation (each, a "**Non-Settling Personal Injury Claimant**") **shall be permitted to proceed with the liquidation of their disputed Personal Injury Claim against the Debtors and any third parties (including the Guarantors) in the manner set forth in Section IV(D)(7) below.**

*Id.*; p. 12:17-27 (emphasis added).

///

The **Personal Injury Claim** of any claimant who does not accept the Debtors' proposed Claim settlement amount and who does not reach agreement with the Debtors through mediation or otherwise on a different mutually agreeable Claim settlement amount will be deemed a Disputed Claim, and **the holder of any such Claim will not be entitled to receive any distribution from the Reorganized Debtors unless and until such Claim becomes a liquidated Allowed Claim pursuant to a Final Order from the District Court or, to the extent the District Court elects to abstain, the applicable state court, at which time such Claim will be treated in the same manner as all other Allowed General Unsecured Claims**. For the avoidance of doubt, all rights of holders of Personal Injury Claims and the Reorganized Debtors with respect to any request for abstention by the District Court are expressly preserved and reserved.

*Id.*; p. 32:1-11.

Thus, it appears that the plain language of the Confirmed Chapter 11 Plan, drafted for and prosecuted by the Debtor-Defendant, defines Plaintiff's claim as one for "Personal Injury."

**Statutory Remand Provisions**

As grounds for remand, Plaintiff cites to 28 U.S.C. §§ 1447(c) and 1452(b), which state:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c);

(b) **The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground**. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. 1452(b) [emphasis added].

In the Opposition, Defendants also cite to 28 U.S.C. § 1367(a) as an additional basis for Federal Court jurisdiction for the State Court Action.

§ 1367. Supplemental jurisdiction

(a) **Except as** provided in subsections (b) and (c) or as **expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction**, the **district courts shall have supplemental jurisdiction**

**over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [Diversity], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The **district courts may decline to exercise supplemental jurisdiction** over a claim under subsection (a) if—

> (1) **the claim raises a** novel or **complex issue of State law**,

> (2) **the claim substantially predominates over the claim** or claims **over which the district court has original jurisdiction**,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. . . .

28 U.S.C. § 1367 [emphasis added].

It is argued in the Opposition that this State Court Action is "related to *In re Windsor*, a case arising in title 11 of the U.S. Code." Opposition, p. 7:28-8:2; Dckt. 19. As addressed above, Congress expressly provides in 28 U.S.C. § 1334 for such "related to" jurisdiction in connection with jurisdiction being asserted pursuant to all proceedings under Title 11 or arising in or related to cases under Title 11.

A decision to remand under 28 U.S.C. 1452(b) is "committed to the sound discretion of the bankruptcy judge" and is only overturned on an abuse of discretion standard. *In re McCarthy*, 230 B.R. 414, 416 (B.A.P. 9th Cir. 1999). In *McCarthy*, the Bankruptcy Appellate Panel for the Ninth Circuit found that remand was proper on an equitable basis, the bankruptcy court having made findings of fact and conclusions of law to support remand. Such findings and conclusions included the fact that the counts in the complaint were grounded upon state law issues that do not commonly arise in bankruptcy. The Bankruptcy Appellate Panel found that this factor was sufficient for a Bankruptcy Judge's discretion in choosing to remand on the equities. *Id.* at 418.

1    In this Adversary Proceeding, the crux of Defendants' argument is that removal is proper as

2 the State Court Action claims share a close nexus with the related bankruptcy case.  Therefore,

3 Defendants argue pursuant to 28 U.S.C. § 1367(a) remand should be denied.

4    As this Court addresses below in considering the *Cedar Funding* Factors, remand is proper

5 and there is not a "close nexus" to the Debtor-Defendant's Bankruptcy Case.  It is true that the

6 claims of Plaintiff must be determined so that payment thereon can be made pursuant to the terms

7 of the Confirmed Plan; however, there is no such "close nexus" to the Bankruptcy Case.  Moreover,

8 the court disagrees with the assertion that the adjudication of the claim in State Court, as permitted

9 in the Confirmed Chapter 11 Plan, impairs Debtor-Defendant's ability to perform the Confirmed

10 Plan.

11
**Plaintiff Filing a Motion to Remand**
12 **Rather Than a Motion to Abstain**

13    The Confirmed Chapter 11 Plan states that for a Disputed Claim, which is the subject of the

14 State Court Action, that such:

15
> Disputed Claim, and the holder of any such Claim will not be entitled to receive any
16 > distribution from the Reorganized Debtors unless and until such Claim becomes a
> liquidated Allowed Claim pursuant to a Final Order from the District Court or, to the
17 > extent the District Court **elects to abstain**, the applicable state court, at which time
> such Claim will be treated in the same manner as all other Allowed General
18 > Unsecured Claims. . . .

19 Confirmed Chapter 11 Plan, Section D, Means of Effectuating Plan, ¶ 7, Protocol for Liquidation

20 Claims, Plan p. 32:4-9; Dckt. 17 (emphasis added).

21    The court observes that while the Confirmed Chapter 11 Plan uses the term "abstain" with

22 respect to the Federal Court determining not to adjudicate the State Court Action, the Plaintiff has

23 filed a Motion to "remand" rather than a motion to "abstain."  It may be that Plaintiff did not read

24 the word abstain as a statutorily significant Bankruptcy Code term, but in its general sense as

25 "choose not to do" (Merriam-Webster Dictionary, www.merriam-webster.com.).

26    The Defendants have chosen to litigate this matter under the Motion to Remand, also

27 apparently concluding that the word abstain was being used in its common English language

28 terminology rather than a statutory term.

14

Congress provides in 28 U.S.C. § 1334(c) that the court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. The court's decision to abstain is not reviewable on appeal. 28 U.S.C. § 1334(d).

The Ninth Circuit Court of Appeals has addressed the factors to be considered in determining whether the Federal Trial Court should abstain or not in *In re Tucson Estates, Inc.*, 912. F.2d 1162, 1165-1167 (1990). These abstention factors match up almost identically compared with the factors a court considers when deciding remand. However, as the Motion was filed in the remand context, the Court actually considers two additional factors. Comparison of the remand and the abstention factors are shown in the following chart:

| *In re Tucson Estate, Inc.* Abstention Factors | *In re Cedar Funding, Inc.*, 419 B.R. 807, 820–21 (B.A.P. 9th Cir. 2009) Remand Factors. |
|---|---|
| (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, | (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; |
| (2) the extent to which state law issues predominate over bankruptcy issues, | (2) extent to which state law issues predominate over bankruptcy issues; |
| (3) the difficulty or unsettled nature of the applicable law, | (3) difficult or unsettled nature of applicable law; |
| (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, | (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; |
| (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, | (5) jurisdictional basis, if any, other than § 1334; |
| (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, | (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; |
| (7) the substance rather than form of an asserted 'core' proceeding, | (7) the substance rather than the form of an asserted core proceeding; |
| (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, | (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement  left to the bankruptcy court; |
| (9) the burden of the bankruptcy court's docket, | (9) the burden on the bankruptcy court's docket; |
| (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, | (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; |

| (11) the existence of a right to a jury trial, and | (11) the existence of a right to a jury trial; |
| (12) the presence in the proceeding of nondebtor parties. | (12) the presence in the proceeding of nondebtor parties; |
| | (13) comity; and |
| | (14) the possibility of prejudice to other parties in the action. |

As shown by the review of the remand and the abstention factors, the only real difference between the Court's decision to remand or a court's decision to abstain is that the decision to abstain is not reviewable on appeal. In considering this Motion to Remand, the Court necessarily applied all of the abstention factors, and included the two additional remand factors of "comity" and "the possibility of prejudice to other parties to the action." These two additional factors had no impact on the outcome - that this State Court Action should be tried and judgment entered in the State Court. Thus, though presented and opposed as a Motion to Remand, the court effectively considered all of the factors as it would have if a motion to abstain had been filed.

**DISCUSSION**

Although the State Court Action is complex given the gravity of the claims asserted, issues presented, and allegations made therein, this Court has been presented with a straightforward set of facts predicating a somewhat straightforward resolution of the Motion to Remand. Plaintiff seeks remand based on a lack of subject matter jurisdiction, or based on any equitable ground based on Ninth Circuit Law. Defendants argue removal is proper and this Court should deny remand, and exercise its original or supplemental jurisdiction over Plaintiff's claim, to consolidate the claims and liquidate the Plaintiff's claims in the Federal Court forum.

**Federal Court Jurisdiction**

As this Court addresses in this Ruling and at the hearing, Congress expressly provides for Federal Court jurisdiction in 28 U.S.C. § 157 for not only core matter proceedings, but also that certain non-core proceedings can be ruled on by a Bankruptcy Judge with the consent of the parties. However, Congress expressly provides in 11 U.S.C. § 157(b)(2)(B) that allowance or disallowance of claims based on a personal injury tort or wrongful death claims are not core matter proceedings,

16

and, even going further, Congress expressly requires that the District Court <u>shall order</u> that personal injury or and wrongful death claims be tried in the District Court (28 U.S.C. § 157(b)(5)). Such personal injury claims must be tried in the District Court, not the Bankruptcy Court, by the plain language of 11 U.S.C. § 157(b)(5).[5]

The argument by Defendants is that while the District Court will ultimately conduct the "trial," it is proper for the Bankruptcy Judge to do all of the pretrial work, make the pretrial rulings, and then "assign" (in this Court's words) the litigation to a District Court Judge to conduct the trial. This is *contra* to the District Court fulfilling its statutory duties to order that the personal injury and wrongful death claims be tried, from start to finish, in the District Court before an Article III Judge (who may then choose to assign specific pretrial matters to an Article I Judge).

The Defendants' proposition that the Bankruptcy Judge will address all pre-trial matters and then the State Court Action will be assigned to a District Court Judge to conduct the trial (living with all that was done pre-trial by the Bankruptcy Judge) runs contrary to the provisions of 28 U.S.C. § 157(c). Those provisions only allow a Bankruptcy Judge to make proposed findings and conclusions of law, from which the District Court Judge must then conduct the proceedings to issue the actual orders. 28 U.S.C. § 157(c) states:

(c)

(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer

---

[5] The Supreme Court in *Stern v. Marshall*, 564 U.S. 462, 479-480 (2011), has held that while the provisions of 28 U.S.C. § 157(b)(5) requiring that the personal injury tort and wrongful death claims shall be tried in the District Court are not statutory jurisdictional limitation provisions, but did conclude that absent the consent of the parties adjudication of such claims violated the Constitutional jurisdiction provisions providing the right to adjudication of such rights in an Article III Court.

In this Adversary Proceeding, the Plaintiff has not consented to the Article I Bankruptcy Judge adjudicating these personal injury or wrongful death claims.

1    a proceeding related to a case under title 11 to a bankruptcy judge to hear and
     determine and to enter appropriate orders and judgments, subject to review
2    under section 158 of this title.

3        Clearly a party is not permitted to assign matters to the Bankruptcy Judge. For non-core

4    matters it is the District Court Judge who has statutorily been assigned (if the matter is to be tried

5    in Federal Court) the personal injury action to determine what, if anything, should be send over to

6    the Article I Bankruptcy Judge to conduct initial hearings and issue proposed findings and

7    conclusions (as would be assigned to a Magistrate Judge).[6]

8
     **Bankruptcy Court's Jurisdiction**
9    **Related to Matters**

10       In the Motion, Plaintiff's grounds stated with particularity (*see* Fed. R. Civ. P. 7(b), Fed. R.

11   Bankr. P. 7007, 9013) assert that there is an absence of any federal interest or nexus because the

12   bankruptcy cases are not in post-confirmation and post-consummation status. The Motion does not

13   state any other grounds for this assertion. In the ten page points and authorities additional grounds

14   are stated, asserting that by Debtor-Defendant's:

15       [o]wn telling, the Bankruptcy Case has "already been implemented, consummated,
         executed, and administered: millions of dollars in distributions have been made to
16       thousands of creditors, management and control over all property that was previously
         property of the estate has been revested and returned to the equity holders, and all
17       relevant contracts and leases not previously rejected have been assumed. This all
         took place despite the Superior Court Action, which is not mentioned in the Motion
18       to Dismiss or the Zhou Declaration.

19   Points and Authorities, p. 3:20-25; Dckt. 18. It is further asserted that confirmation of the

20   Chapter 11 Plan necessarily provides for the payment of the claims based upon the amount of such

21   claim, and is not a "pot plan" in which creditors are paid a percentage of the money put into the

22   "pot" for that class of claims. With a "pot plan," the greater the amount of future-determined

23   creditors' claims, when that amount is greater than estimated at the time of confirmation,

24   necessarily reduces the actual percentage paid to all creditors from the original estimated percentage.

25   ///

26   _____

27       [6] Congress provides in 28 U.S.C. § 636 that it is the District Court Judge who determines what
     matters may be assigned to or for which the Magistrate Judge may conduct the proceedings.
28   Additionally, that parties may consent to a Magistrate Judge to conduct jury or nonjury civil matters.

A Chapter 11 Plan being confirmed and "substantially consummated" does not remove or terminate federal court jurisdiction with respect to the Bankruptcy Cases and the Confirmed Plan. As provided in 11 U.S.C. § 1141 the effect of confirmation, and the confirmation order by which the court orders the plan confirmed, binds all parties to the terms of the plan. 11 U.S.C. § 1441(a). The confirmation then vests the property of the bankruptcy estate back to the debtor, subject to the terms of the plan confirmed by the court. 11 U.S.C. § 1141(b).

Congress expressly provides by statute that after confirmation, the debtor must carry out the plan and must comply with any orders of the court. 11 U.S.C. § 1442(a). Further, that the court may direct the debtor or any other person to perform any act necessary for the consummation of a confirmed plan. 11 U.S.C. § 1142(b).

This Court concludes that Federal Court Jurisdiction exists for the trial of the State Court Action. It is an Action related to the Bankruptcy Case - the determination of Plaintiff's Claim to be paid through the Confirmed Chapter 11 Plan.

However, while such Federal Court Jurisdiction exists, as set forth below, this Court determines that remand to the State Court is proper.

**Remand to the State Court**

This Court finds that remand is proper based on: (1) the equities and (2) the substance of the matters to be litigated. Additionally, that seeking to have this matter removed to this Bankruptcy Court, and not having sought to have this matter transferred (by withdrawal of the reference) to the District Court is in violation of the jurisdictional provisions of 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 1334.

It is not disputed that the counts in the Complaint in the State Court Action ("State Court Complaint," Ex. A to Buckley Declaration; Dckt. 12 at p. 22-48) deal in issues of State Law not regularly seen in bankruptcy court, similar to the facts in *McCarthy*. The State Court Complaint involves allegations of elder abuse, fraud based upon the elder abuse, and infliction of emotional distress based upon the elder abuse. *See*, State Court Complaint; Ex. A to Buckley Declaration; Dckt. 12 at p. 22-48.

With respect to the factors set out in *In re Cedar Funding, Inc.*, 419 B.R. 807, 820–21

19

(B.A.P. 9th Cir. 2009), those factors are, and this Court's analysis thereof in connection with this

Adversary Proceeding is:

> (1) The effect or lack thereof on the efficient administration of the estate if the Court recommends remand or abstention;

The Defendants present the following argument/analysis in support of a contention that not

litigating the State Court Complaint in the Bankruptcy Court would impede the efficient

administration of the Confirmed Chapter 11 Plan:

> Resolution of the state court claims in tandem with the completion of the Debtor's Plan of Reorganization is the contemplated outcome of the cases being jointly administered through In re Windsor. For this Court to deny the Plaintiff's motion for remand allows for the most efficient resolution of all the claims tied into the joint bankruptcy proceedings.
>
> Additionally, each cause of action the Plaintiff has alleged against the **Non-Debtor Defendants relies on a common set of operative facts, with the Plaintiff's advancing alter ego and joint venture theories of liability**. Under Plaintiff's theories, the Non-Debtor Defendants have no liability that can be separated from the Debtor Defendant. Therefore, there can be no determination of liability for the non-debtors without determining the liability of Windsor Vallejo Care Center.
>
> For that reason, the determination of the claims against the Debtor and Non-Debtor Defendants must be made together in the same forum. However, any judgment against Windsor Vallejo Care Center will be submitted to the *In re Windsor* court, where it will paid out at the percentage elected by the Plaintiff under the applicable part of the plan of reorganization. **If the state court award were to be unexpectedly large, it could strain the financial backstop, leading to potential modifications to the plan or adjustments to how claims are paid. For these reasons, this Court should deny the Plaintiff's Motion to Remand Action to Sacramento Superior Court.**

Opposition, p. 7:2-18; Dckt. 19 (emphasis added).

The Court's conclusion is the opposite of what the Defendants argue with respect to this

factor. As an initial matter, whether in State Court or Federal Court, the parties are entitled to a jury

trial, which both the Debtor-Defendant and the other Defendants (Dckt. 8, 9, and Defendants' Case

Management Statement, Exhibit Dckt. 13 at 50-56) and the Plaintiff (Plaintiff's Statement Pursuant

to Fed. Bankr. Rule 9027(e)(3) and 28 U.S.C. § 157(e), Item (iv) p. 1; Dckt. 10; and, Case

Management Statement, Exhibit Dckt. 13 at 58-63) have demanded for this Adversary Proceeding.

The Defendants offer no indication how the Federal Court could somehow more quickly and

efficiently conduct the litigation on the State Court Complaint. This is especially true in the Eastern

District of California where the District Court Judges have some of the highest case loads in the Nation.

The Defendants then make what this Court concludes to be a fallacious assertion – that somehow a State Court trial would generate an inappropriately large judgment, and thereby cause the performance of the Chapter 11 Plan to be delayed or impaired. This first presumes that a State Court would not be entering a judgment based on the facts and law.

Second, this presumes that a Federal Court would consider that in light of the Chapter 11 Plan, the amount of the judgment would need to be "adjusted" or "tweaked" to a lower amount so as to enhance Debtor-Defendant's ability to perform the Chapter 11 Plan based on Debtor-Defendant's estimates of what it believed to be the amount of Plaintiff's Claim. This assertion is based on an apparent belief that Federal Courts do not enter judgments based on the facts and the law, but what would be a better result for one party (here the Debtor-Defendant and the other Defendants) over the other (here the Plaintiff).

Nothing credible has been presented by Defendants that the Federal Court presents a better forum for the adjudication of this claim than the State Court. This factor weighs in favor of remand.

(2) Extent to which state law issues predominate over bankruptcy issues;

Here, the State Court Complaint asserts claims for Elder Abuse (California Welfare & Institutions Code), Violation of Residents Bill of Rights (California Health and Safety Code), and Fraud. State Court Complaint; Ex. A, Dckt. 12 at p. 22-48. Reading through the State Court Complaint, the causes of action are based solely on California law, including, but not limited to:

(A) California Welfare and Institutions Code §§ 11250, 15600 et seq., 15610.07, 15610.57, 15610.57(6), 15657(a) and (b),

(B) Title 22 of the California Code of Regulations 51215.5, 72329.1;

(C) California Health and Safety Code §§ 1250(c), 1430, 1430(b ), 1599.1;

(D) 42 Federal Code of Regulations §§ 483.30,[7]

---

[7] Federal Regulations for the admission by and the continuing case to be provided for Medicare and Medicaid patients admitted to Long Term Care Facilities be approved by and the patient continue under the care of a physician, and the requirement that the facility must provide or arrange for 24 hours a

1          (E) California Civil Code § 3345; and

2          (F) California Code of Civil Procedure  § 1021.5.

3          The claims to be adjudicated in the State Court Complaint are all California State Law issues,

4    and no Federal Law issues, except for the reference to 42 CFR § 483.10 which set the requirements

5    for the placing of a Medicare or Medicaid covered patient into a Long Term Care Facility.  Once

6    the judgment is entered on the State Court Complaint, then that judgment is taken back to the

7    Bankruptcy Court for its proper payment under the Confirmed Chapter 11 Plan.

8          In the First Amended Answer (Exhibit 1; Dckt. 1)[8] filed by the Defendants, they state the

9    following law in the Affirmative Defenses:

10          (A)   California Civil Code § 3333.1.  Fourth Affirmative Defense;

11          (B)   California Code of Civil Procedure § 667.7.  Fifth Affirmative Defense;

12          (C)   California Code of Civil Procedure §§ 335.1, 340.5, and 366.1.  Sixth Affirmative
       Defense;

13

14          (D)   California Civil Code § 1714,8(a).  Seventh Affirmative Defense;

15          (E)    California Civil Code § 3333.2, and/or California Welfare & Institutions Code
       § 15657(b). Eighth Affirmative Defense;

16          (F)   California Code of Civil Procedure § 377.32.  Eleventh Affirmative Defense;

17          (G)   "Treble Damages pursuant to California Civil Code § 3345 would violate the Due
       Process Clause of the Fourteenth Amendment to the United States Constitution and Article
18     1, section 17 of the California Constitution, . . . ."  Twelfth Affirmative Defense;

19          (H)    The claims encompassed by plaintiff's complaint are preempted by Federal law.
       Twenty-Third Affirmative Defense;[9]
20
            (I)   California Civil Code §§ 1431 et seq., 1431.2.  Seventeenth Affirmative Defense.
21
            (J)   California Code of Civil Procedure § 377.34.  Eighteenth Affirmative Defense.
22

23    _____

24    day emergency case physician.

25          [8]  In the First Amended Answer, other than the Affirmative Defenses, the Answer consists of a
       statutory general denial of anything and everything alleged in the State Court Complaint filed in the State
26    Court Action.  California Code of Civil Procedure § 431.30(d).

27          [9]  No basis for federal preemption is stated in the Affirmative Defense or the body of the First
       Amended Answer itself.  Presumably, this may be a reference to the Bankruptcy Code, related to matter
28    issues in the Motion to Remand, which is not "preemption."

1    (K)   California Welfare & Institutions Code § 15657(b).  Nineteenth Affirmative Defense.

2    (L)   California Code of Civil Procedure § 425.13. Twentieth Affirmative Defense;

3    (M)   "Any recovery by plaintiff for exemplary or punitive damages would violate the Due
4    Process Clause of the Fourteenth Amendment to the United States Constitution and Article
     1, section 17 of the California Constitution."  Twenty-First and Twenty-Third Affirmative
5    Defenses;

6    (N)   "Any order requiring defendants to pay restitution and/or disgorgement of profits based
     upon payments made or funds turned over by non-parties would violate the Due Process
7    Clause of the Fourteenth Amendment of the United States Constitution and of Article 1,
     section 17 of the California Constitution."  Twenty-Ninth Affirmative Defense;

8    (O)   California Welfare and Institutions Code § 15657.2. Thirtieth Affirmative Defense; and

9    (P)   California Probate Code § 259.  Thirty-Second Affirmative Defense.

10   First Amended Answer, p.2:3-7:20; Exhibit 1, Dckt. 1.

11          While clearly substantially consisting of State Law issues, such law and then the evidence

12   presented, can equally be tried in either State or Federal Court, with there being no superior "ability"

13   of either court to render a fair and proper judgment.  (Though, it would be more likely that a State

14   Court judge would have handled such matters in the past as opposed to a Federal Judge.)  It is true

15   that in the First Amended Answer there is a citation to a Federal Constitution Due Process Rights,

16   but there is also a citation to the California Constitution for Due Process Right.  Thus, both

17   Constitutions come into play, and the clear overwhelming law asserted by Defendants is California

18   statutory and case law.  This factor weighs in favor of remand.

19          (3) Difficult or unsettled nature of applicable law;

20          Defendants assert that there is no difficult or unsettled nature of the applicable California

21   law.  This Court concurs with such assertion, and that the State Court Complaint can be as

22   effectively adjudicated in the State Court as well as in the Federal Court.  Opps.; p. 5:21; Dckt. 19.

23
24          (4) Presence of related proceeding commenced in state court or other nonbankruptcy
            proceeding;

25          No such related or nonbankruptcy court proceedings have been identified.

26          (5) Jurisdictional basis, if any, other than § 1334;

27          The related to jurisdiction pursuant to 28 U.S.C. § 1334 is the basis for having removed this

28   State Court Complaint to the Bankruptcy Court.  Defendants further assert that there is supplemental

                                            23

jurisdiction pursuant to 11 U.S.C. § 1367(a). Such "supplemental jurisdiction" is not necessary in light of Congress expressly providing for related to jurisdiction in 28 U.S.C. § 1334. To the extent that such supplemental jurisdiction exists, the facts, claims, pleadings, and factors weigh heavily for remand of the State Court Action to the State Court (and supplemental jurisdiction does not provide a "work-around" of the jurisdictional provisions in 28 U.S.C. §§ 1334 and 157 enacted by Congress).

(6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;

While the final judgment on the State Court Complaint will be directly tied to payment under the Confirmed Chapter 11 Plan, the determination of Plaintiff's Claim in the State Court, when compared to conducting such litigation in the District Court, does not negatively impact the Debtor-Defendant's ability to prosecute the Bankruptcy Case and perform the Confirmed Chapter 11 Plan.

Debtor-Defendant expresses a "concern" that the State Court judgment could be large enough that Debtor-Defendant would have to amend the Confirmed Chapter 11 Plan, which would arise because Debtor-Defendant's projection of the amount owed to Plaintiff was lower than that determined based on the facts and law after a trial. However, no creditable argument is advanced that the State Court would enter a judgment contrary to the law and facts. Also, as noted above, no credible basis has been shown for an assertion that a Federal Court would be preferred because Debtor-Defendant believes that a Federal Court would be likely to give the Debtor-Defendant and the non-debtor Defendants a "favorable" lower dollar amount judgment than a State Court. This factor weighs in favor of remand.

(7) The substance rather than the form of an asserted core proceeding;

This is not asserted to be a core proceeding, but rather there is an asserted related-to matter that Debtor-Defendant has removed from the State Court and have tried in Federal Court. This factor weighs in favor of remand.

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

There are no core matter proceedings, no Federal Law issues, and only State Law claims to be adjudicated. This factor weighs in favor of remand.

///

(9) The burden on the bankruptcy court's docket;

While a Bankruptcy Judge could try the State Court Complaint without creating a significant burden, the plain language of the Federal Statutes state that the District Court (not the Bankruptcy Court) *shall* try personal injury tort and wrongful death claims. Defendants argue that it is proper to remove the State Court Action to the Bankruptcy Court, the Defendants "assigning" to a Bankruptcy Judge all of the pre-trial matters. No credible authority is cited and such an argument runs contrary to the structure of the District Court and Federal Law. It is the District Court Judge who is assigned such personal injury and who determines whether matters, if any, should be assigned to a Magistrate Judge, or possibly a Bankruptcy Judge. It is not the parties who assign the matter to a Magistrate Judge or Bankruptcy Judge, and then later have it assigned to a District Court Judge to "live with" whatever a Magistrate or Bankruptcy Judge did on pretrial matters.

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

This Court concludes that this removal is part of a forum shopping effort by the Defendants. As noted above, in starting its Argument why the Motion to Remand should be denied, the Defendants postulate (repeating the plain language stated in the Opposition):

> Resolution of the state court claims in tandem with the completion of the Debtor's Plan of Reorganization is the contemplated outcome of the cases being jointly administered through *In re Windsor*. For this Court to deny the Plaintiff's motion for remand allows for the most efficient resolution of all the claims tied into the joint bankruptcy proceedings.

> Additionally, each cause of action the Plaintiff has alleged against the Non-Debtor Defendants relies on a common set of operative facts, with the Plaintiff's advancing alter ego and joint venture theories of liability. Under Plaintiff's theories, the Non-Debtor Defendants have no liability that can be separated from the Debtor Defendant. Therefore, there can be no determination of liability for the non-debtors without determining the liability of Windsor Vallejo Care Center.

> For that reason, the determination of the claims against the Debtor and Non-Debtor Defendants must be made together in the same forum. However, any judgment against Windsor Vallejo Care Center will be submitted to the In re Windsor court, where it will paid out at the percentage elected by the Plaintiff under the applicable part of the plan of reorganization. **If the state court award were to be unexpectedly large, it could strain the financial backstop, leading to potential modifications to the plan or adjustments to how claims are paid.** For these reasons, this Court should deny the Plaintiff's Motion to Remand Action to Sacramento Superior Court.

Opposition, p. 7:2-17; Dckt. 19 (emphasis added).

The Defendants do not put forth any credible argument or evidence that bringing these State Law Claims to Federal Court would put them in the "most efficient" court for resolution of the State Law Claims. This Court reads the argument advanced to be that Defendants seek to litigate the State Court Complaint in Federal Court because the Federal Court Judge and jury are more likely to give Defendants a judgment that Defendants request and like, as opposed to a State Court Judge and jury. This assumption appears to presume that the Federal Court judges are "biased" in favor of a debtor in litigating related to matters so as not to "upset" a debtor's bankruptcy plan by entering a judgment for a creditor in an amount that is correct based on the facts and the law.

While the Defendants arguments that the litigation of the liability of the Defendants (the Debtor-Defendant and the non-bankruptcy debtor Defendants) should be done in one judicial proceeding, that does not necessarily entail that a Federal Court provides the better, prompter, and more efficient forum for this Adversary Proceeding and the related Chapter 11 Case. The real argument put forth by Defendants is that they want to avoid a potential judgment which might be entered in the State Court in an amount greater than the Debtor-Debtor projected in confirming the Chapter 11 Plan. This Court has addressed above that the Defendants have not presented this Court with any basis for concluding that the State Court would issue a judgment inconsistent with the law and facts, or that a District Court trial would result in a "more just" determination of the State Law Claims and judgement entered thereon. This factor weighs in favor of remand.

(11) The existence of a right to a jury trial;

Plaintiff has demanded, and has a right to, whether in State Court or Federal Court, a jury trial. Defendants, at this point in time, appear to acknowledge this, but assert the right to have the State Court Complaint assigned to a Bankruptcy judge to determine all pre-trial matters before it is assigned to a District Court Judge to conduct a trial. As this Court has stated, it is the District Court Judge to whom a case is assigned and the District Court Judge who determines (whether provided up the District Court local rules or on an individual basis) what would be assigned to a Magistrate Judge or possibly a Bankruptcy Judge for certain pre-trial matters, not the parties (absent their mutual consent).

1   (12) The presence in the proceeding of nondebtor parties;

2       Here, there are multiple non-bankruptcy debtor defendants and only one defendant debtor

3   party – the Debtor-Defendant, with the State Court Complaint including the standard State Law

4   "DOES 1 through 50" to add other defendants at a later date.

5       (13) Comity;

6       This Court does not perceive that there is a concern or need for allowing the State Court to

7   adjudicate the State Court Complaint based on comity.

8       and

9       (14) The possibility of prejudice to other parties in the action.

10      On this final point, the possible "prejudice" asserted by the Debtor Defendant, it appears to

11  be an assertion that the "prejudice" could be that a State Court judge may enter a judgment in a

12  larger amount than Debtor-Defendant estimated in confirming the Plan, and that the Debtor-

13  Defendant might then have to modify the Confirmed Plan.  While Defendants provided detailed

14  discussion of the other *Cedar Funding, Inc.* factors, there is no significant analysis or discussion of

15  what prejudice other parties might face if Defendants litigate the State Court Action in State Court

16  rather than the Federal Court.

17      The Chapter 11 Bankruptcy Plan (the modified "contract" between the Debtors and

18  Creditors) has been  confirmed and provides how once the asserted Personal Injury Claim of

19  Plaintiff is liquidated it will be paid.  There is no Federal Law, including Bankruptcy Law, to be

20  adjudicated in liquidating the Claim, "just" California State Law.[10]

21      Based on what the Parties have presented to this Court, the California Superior Court is the

22  better court in which these California State Law rights and issues are determined.  That court has

23  the resources and ability to have the State Court Action diligently prosecuted and a judgment issued

24  determining the Personal Injury Claim of Plaintiff so as to not delay the performance of the

25  Confirmed Chapter 11 Plan.

26  _____

27      [10]  As addressed above, the Defendants have asserted Due Process Rights under both the Federal
    Constitution and the California Constitution.  On this point, Lady Justice's scale of justice is balanced and
28  does not tip in either the Plaintiff's or the Defendants' favor.

Additionally, the Plaintiff has expressly stated that Plaintiff does not consent to an Article I Bankruptcy Judge adjudicating of the State Court Action. This factor weighs in favor of remand.

Therefore, this Court having considered all of the above factors, applicable law, and the proper, efficient administration of justice and use of judicial resources, finds that the facts, law, and equities weigh heavily in favor for remanding this action to the Sacramento Superior Court pursuant to 28 U.S.C. 1452(b). There is little left to do with Bankruptcy Case administration. Such a remand does not create any additional burden or delay for the parties in connection with the Bankruptcy Case, and is likely to advance the actual trial date and entry of a judgment adjudicating the Claims and the Affirmative Defenses asserted in the State Court Action.

The Motion is granted and State Court Action, *Evans vs. Windsor Vallejo Care Center, LLC, et al*, Case No. FCS055755, is remanded to the California Superior Court for the County of Solano, effective immediately upon this Court entering its order.

**Dated:** February 20, 2025

**By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

28

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorney for the Plaintiff(s)** | **Attorney for the Defendant(s)** |
|---|---|
| Ruby Evans, by and through her Successor in Interest, Willette Williams<br><br>Paul Anthony Saso, Esq.<br>Pfister & Saso, LLP<br>524 Broadway, 11th Flr.<br>New York, NY 10012-1555<br><br>Robert J. Pfister, Esq.<br>Pfister & Saso, LLP<br>10250 Constellation Blvd., Ste. 2300<br>Los Angeles, CA 90067 | Windsor Vallejo Care Center LLC<br><br>Thomas E. Beach, Esq.<br>Rachel K. Mandelberg, Esq.<br>Beach Law Group, LLP<br>2150 River Plaza Drive, Ste. 415<br>Sacramento, CA 95833 |
| Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 | |